UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID FROHWERK, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
|     v. | )   No. 3:13 CV 1060 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|       Respondent. | ) |

**OPINION AND ORDER**

David Frohwerk, a *pro se* prisoner, filed an amended petition under 28 U.S.C. § 2254. (DE # 3.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

**I.    BACKGROUND**

According to the petition and attachments, Frohwerk is an Indiana inmate serving a sentence imposed in a state criminal case. In March 2012, he filed a state habeas petition asserting that he was entitled to additional credits toward his sentence. *Frohwerk v. Levenhagen*, No. 46A04-1204-MI-211 (Ind. Ct. App. Jan. 22, 2013). Specifically, relying on an Indiana Department of Correction ("IDOC") Executive Directive, he claimed he was entitled to an additional 1,095 days of credit for time spent on probation for various offenses. *Id.* at *2, 5-6. The trial court denied his petition. *Id.* at *2. On appeal, the Indiana Court of Appeals concluded that the Executive Directive provided credits for time served on parole, but not probation. *Id.* at *5-7. The appellate court noted that

criminal defendants often "blur the distinction" between parole and probation. *Id. at \*6.* The court held that "probation" under Indiana law means a "court-imposed criminal sanction" imposed in lieu of incarceration. *Id.* "Parole," by contrast, is "the release of a prisoner from imprisonment before the full sentence has been served." *Id.* Because Frohwerk was on probation during the relevant periods, not parole, he was not entitled to any additional credits. *Id. at \*6-7.* Frohwerk sought transfer to the Indiana Supreme Court, but his request was denied. (DE # 3 at 1.)

Thereafter, Frohwerk sought federal habeas relief. (DE # 1.) His original petition was struck as unduly vague and confusing, and he was given another opportunity to explain his claims. (DE # 2.) He then filed the present petition, asserting a number of claims regarding his entitlement to additional credits toward his sentence. (DE # 3.)

## II.    ANALYSIS

Frohwerk's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court is permitted to grant an application for habeas relief only if it meets the stringent requirements of 28 U.S.C. § 2254(d), set forth as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect

>to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* This is a difficult standard to meet. To obtain relief, the petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, —U.S.—, 131 S. Ct. 770, 786-77 (2011).

Before considering the merits of a claim, the court must ensure that the state courts have been given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his claim in one complete round of state review, either on direct appeal or on post-conviction review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. To properly exhaust, the petitioner must "present both the operative facts and the legal principles that control each claim to the state judiciary." *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007). This includes alerting the state court to the "federal nature" of the claim. *Baldwin*, 541 U.S. at 33. Under the companion procedural default doctrine, a federal habeas court is precluded from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

In his petition, Frohwerk provides several iterations of the same claim: that he is entitled to additional credits under Indiana law. (DE # 3 at 3-4.) He argues, in essence, that the state appellate court erred in interpreting the Executive Directive to exclude probationers, since probation constituted a restraint on his liberty. (*Id.*) However, even if the state appellate court erred in interpreting state law, it would not entitle Frohwerk to federal habeas relief in connection with his sentence. *Estelle v. McGuire*, 502 U.S. 62,

4

67-68 (1991) (federal habeas relief cannot be granted for violations of state law); *see also Ben-Yisrayl v. Buss*, 540 F.3d 542, 555 (7th Cir. 2008) (federal habeas court is "bound by a state court's interpretations of state law"). Thus, none of these claims present a cognizable basis for granting federal habeas relief.

  Within his claims Frohwerk makes fleeting reference to various federal constitutional provisions, but it appears the bulk of these claims were not properly presented at each level of state review. *See Frohwerk*, No. 46A04-1204-MI-211, at *2. This court is precluded from considering any claim not raised in the state proceedings. *Baldwin*, 541 U.S. at 33. At best Frohwerk raised an Eighth Amendment claim in the state proceedings, but to obtain relief on this claim he must establish that the state court's decision constituted an objectively unreasonable application of Supreme Court precedent. *Harrington*, 131 S. Ct. at 786. He has not asserted any arguable basis (nor can the court discern one) for reaching this conclusion. Sentencing matters are largely left to the states, and Frohwerk does not attempt to articulate the type of Eighth Amendment claim that could be considered on federal habeas review. *See Koo v. McBride*, 124 F.3d 869, 875-76 (7th Cir. 1997) (federal habeas court generally will not review a state sentence under the Eighth Amendment unless it falls outside the state statutory maximum and is grossly disproportionate to the offense of conviction). Instead, his argument is that he should be given additional credits pursuant to the Executive Directive. As explained above, this is purely an issue of state law.

The closest he comes to raising a federal issue is when he asserts that the state appellate court failed to apply *United States v. Sanchez-Estrada*, 62 F.3d 981, 994 (7th Cir. 1995). (*See* DE # 3 at 3.) However, this is not a United States Supreme Court case, and so the state court's failure to apply it would not entitle him to federal habeas relief. *See Bell*, 535 U.S. at 694. In any event, *Sanchez-Estrada* has no conceivable relevance to Frohwerk's case, since the Seventh Circuit was interpreting the federal Sentencing Guidelines, which pertain to federal criminal cases. *See generally* 28 U.S.C. § 994. Because Frohwerk has failed to allege any cognizable basis for obtaining federal habeas relief, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained above, Frohwerk's claims are not cognizable in this proceeding. Nothing before the court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage Frohwerk to proceed further. Accordingly, the court declines to issue Frohwerk a certificate of appealability.

### III. CONCLUSION

For these reasons, the amended petition (DE # 3) is **DISMISSED WITH PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED.**

Date: November 12, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT